**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4225**

_____

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

RAFAEL ANTONIO PAULINO,

 Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:10-cr-00028-RLV-DSC-1)

_____

Submitted: October 25, 2011       Decided: November 14, 2011

_____

Before MOTZ, SHEDD, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Gregory Stuart Smith, LAW OFFICES OF GREGORY S. SMITH, Washington, D.C., for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafael Antonio Paulino pled guilty to unlawfully reentering the United States after being convicted of an aggravated felony, 8 U.S.C. § 1326(a), (b)(2) (2006), without benefit of a plea agreement, and was sentenced to a term of forty-six months of imprisonment. Paulino appeals his sentence, contending that the district court erred in determining his offense level and criminal history. U.S. Sentencing Guidelines Manual §§ 2L1.2, 4A1.1 (2010). He also asserts that the court erred in not departing downward to avoid unwarranted sentencing disparity among similar defendants given reductions available in fast track jurisdictions, and that it was error to consider prior convictions not admitted by him or proven to a jury beyond a reasonable doubt. We affirm.

This court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id.

In 1993, Paulino was convicted as an adult in New York state court of two separate felony drug trafficking offenses. He was sentenced on November 1, 1993, to concurrent sentences of 1-to-3 years of imprisonment. When Paulino was sentenced for the instant offense, the district court added, over Paulino's

2

objection, a 16-level increase in the offense level under USSG § 2L1.2(b)(1)(A)(i) because Paulino had been previously deported after a conviction for a drug trafficking offense for which he had received a sentence of more than 13 months. The term "sentence imposed" is defined in Application Note 1(B)(vii) to have the same meaning as "sentence of imprisonment" as that term is defined in Application Note 2 and subsection (b) of § 4A1.2, i.e., "a sentence of incarceration;" the term "refers to the maximum sentence imposed." Paulino's "sentence imposed" was thus three years.

Paulino argues that the "stated maximum" portion of Application Note 2 to § 4A1.2 applies only to the determination of criminal history points. However, his interpretation is inconsistent with the language of § 2L1.2 cmt. n.1(B((vii), which incorporates the definition of "sentence of imprisonment" as set out in § 4A1.2 cmt. n.2 without limitation. See United States v. Chavez-Diaz, 444 F.3d 1226-27 (10th Cir. 2006). Paulino also maintains that the enhancement was error because he was incarcerated for less than 13 months before he was transferred to the custody of the Immigration and Naturalization Service (INS). This claim conflicts with information in the presentence report, which shows that Paulino was paroled on September 7, 1995, and deported about a week later. His sentence was not fully discharged until September 1996. Paulino

3

states on appeal, as he did in the district court, that discovery documents showed he was transferred to INS custody in September 1994. However, he has never produced any documentation to support this claim. Therefore, the district court was free to rely on the information in the presentence report, see United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990), and did not err in making the enhancement. Paulino's allegation that the district court failed to resolve the issue is not borne out by the record.

Paulino further argues that his 1993 sentences were improperly counted in his criminal history because they were outside the applicable time period. Any prior sentence of incarceration exceeding 13 months is counted if it was imposed within the fifteen years preceding the instant offense, or resulted in the defendant's incarceration within the fifteen-year period. See USSG § 4A1.2(e)(1). Paulino contends that he was no longer incarcerated within the meaning of § 4A1.1 after he was transferred to INS custody, which he maintains occurred in September 1994. He argues that the district court erred in finding that INS custody qualified as custody for purposes of determining whether he was incarcerated during the applicable time period. He maintains that his case should be remanded with directions that the district court treat his INS custody as not a part of his incarceration or, alternatively, determine when he

4

was actually transferred from New York state custody to INS custody.

As previously discussed, Paulino presented no documentation or other evidence in the district court to show that he was transferred to INS custody before September 7, 1995, the date given in the presentence report. Nor has he presented any such documentation on appeal, despite his reference, as in the district court, to discovery documents that he alleges would show the transfer date to be September 1994. Without any proof that the information in the presentence report was inaccurate, the district court was not required to inquire into the issue. Terry, 916 F.2d at 162. Further, as previously discussed, even if Paulino was transferred to the INS before the fifteen-year period began, he remained incarcerated as a result of his 1993 convictions. United States v. Chavez-Diaz, 444 F.3d at 1227 (deportation did not transform 4-to-6-year sentence into suspended sentence); United States v. Carrasco-Mateo, 389 F.3d 239, 244 (1st Cir. 2004) "An offender's early release cannot change the contours of the original sentence imposed after the fact.").

In the district court, Paulino raised the issue of a variance based on sentencing disparity with fast track jurisdictions in his sentencing memorandum, although he conceded that the issue was foreclosed by this court's decision in United

5

States v. Perez-Pena, 453 F.3d 236 (4th Cir. 2006). He did not raise the issue at all in the sentencing hearing.

On appeal, Paulino seeks a remand to allow him a second chance to argue that Perez-Pena should be reconsidered in light of Gall and Kimbrough v. United States, 552 U.S. 85 (2007). Paulino questions whether Kimbrough effectively overruled Perez-Pena, and notes that a panel of the First Circuit so concluded in United States v. Rodriguez, 527 F.3d 221, 225 (1st Cir. 2008) (holding that fast-track disparity not barred from consideration under § 3553(a) and abrogating contrary prior panel decision); see also United States v. Reyes-Hernandez, 624 F.3d 405, 4416-17 (7th Cir. 2010) (same); but see United States v. Gonzalez-Zotelo, 556 F.3d 736, 740 (9th Cir. 2009) (holding that Kimbrough did not address disagreement with Congressional policy, and so did not effectively overrule its precedent so as to permit consideration of fast-track disparities under § 3553(a)); United States v. Vega-Castillo, 540 F.3d 1235, 1239 (11th Cir. 2008) (same); United States v. Gomez-Herrera, 523 F.3d 554, 563 (5th Cir. 2008) (same).

The decision in Rodriguez notwithstanding, Perez-Pena remains the controlling law in this circuit, and in this circuit a panel may not overrule the decision of a prior panel. See United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005).

6

Finally, Paulino asserts that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998) (holding that prior convictions may be used to increase a defendant's sentence without submitting the fact of the conviction to a jury), should be reconsidered. He recognizes that this court's precedent forecloses the issue, see United States v. Cheek, 415 F.3d 349, 354 (4th Cir. 2005), but seeks to preserve the issue for later review. Under the current law of this circuit, the issue is meritless.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED